JACOB HILL,

*vs.*

BENJAMIN GARMAN and wife, and ABRAHAM CANNON, sheriff.

*New Castle, Sept. T.,* 1861.

An ante-nuptial contract, not recorded, raises no equity, at the suit of a debtor to the wife *dum sola,* to restrain the collection of the debt at law by process in the name of the husband and wife.

Such a debtor has no interest in the contract, entitling him to set it up in equity.

Nor is the debtor at any risk in paying the debt. Such payment would protect him against any future claim by the trustee under the contract, who had not interfered to prevent the collection of the debt by the husband.

BILL FOR INJUNCTION AGAINST A JUDGMENT.—The defendant, Benjamin Garman, in 1856, married Experience Lore, a widow. At the time of the marriage she held the bond of the complainant for $1000. The bill alleged an antenuptial contract between Garman and wife vesting her property in Joseph Donoho, as a trustee for Mrs. Garman, and judgment having been entered on the complainant's bond and execution issued for its collection in the name of Garman and wife, this bill was filed praying an injunction.

The answer denied that there was any marriage contract. It admitted that prior to the marriage a memorandum was made giving to the intended wife the power thereafter to make a trustee of her property for her separate use; but the answer denied that any thing was done in execution of it, alleging that after the marriage the defendant destroyed the paper, with Mrs. Garman's consent, because she con-

35

sidered herself competent to manage her property without a trustee.

Depositions were taken for the complainant, tending to prove the execution of a paper for the purpose of a marriage contract and appointing Donoho as a trustee; also that it had been destroyed. The evidence on this point is stated and considered in the opinion of the Chancellor.

The cause came before the Chancellor, at the Sept. T., 1861, for a hearing upon the bill, answer and depositions.

*G. B. Rodney*, for the complainant.

The execution and destruction of a paper, ante-nuptial in its character, is fully proved. Its contents and effect are also proved by two witnesses, sufficient to overcome the denial of the answer. The proof shows that the paper took present effect as a marriage contract and changed the property in the bond. Were the proof even doubtful, the maxim would apply; "*omnia præsumuntur in odium spoliatoris.*" 2 *P. Wms.* 748; *Hob. Rep.* 108. The result is that Garman has no title to recover this debt, and the complainant, were it collected from him, might be called on again to pay it, either now by the trustee or by Mrs. Garman, should she survive her husband. Hence, his equity to be relieved here.

*J. R. Booth*, for the defendant.

There is no proof of the *delivery* of the paper alleged to be a marriage contract. A delivery must be such as a party cannot recall. This paper was not delivered to Donoho, but given back to Garman. With respect to its *contents*, the allegation of its being a present marriage contract is denied by answer, and is not sufficiently proved. But at all events, there is no proof of the *accept-*

*ance of the trust*, such as to exclude the husband's marital rights. 1 *Sto. Eq. Jur. sec.* 533; *Lewen on Trusts*, 228. No attempt was ever made by Donoho to exercise the rights of a trustee. On the contrary, though he knew of a sale of some property by Garman and wife, he did not interfere with it.

Conceding a marriage contract to have been executed, the complainant has no interest in it, not being a party nor a privy. He is a mere stranger or volunteer, having no right to set it up in equity. 2 *Sto. Eq. Jur. sec.* 793, 875.; *Lewen on Trusts*, 295. He owes the money and is bound to pay it to the legal holder of the bond. The ground of equity alleged, viz: that he may be called on to pay it again, has no foundation. The trustee may be in danger from permitting the husband to collect the debt; but if the trustee does not interfere the debtor is at no risk, unless in a case of fraudulent collusion with the husband.

Were the complainant entitled to proceed in equity, on the ground of a trust, the bill is defective in not making the trustee a party.

HARRINGTON, CHANCELLOR.—The bill is filed by Hill, a judgment debtor, under execution at the suit of Garman, the husband of Experience Lore, on a bond given by complainant to her *dum sola.* It alleges, as a ground for restraining the collection of the debt, that by an antenuptial contract the right to this and all Mrs. Lore's property was vested in Donoho, as her trustee. The defendant contends that, even if this is true, the debtor has no right to relief, he being no party or privy to the ante-nuptial contract, nor interested in its specific performance so as to entitle him to ask for such relief. It is also objected that the trustee is no party to the suit; and, further, it is insisted that there is no sufficient proof of the execution and delivery of such a contract before Garman's marriage with Mrs. Lore. These are the material points of the case.

In regard to the execution of an ante-nuptial contract and its object, I am satisfied, on the proof, that such a contract was made, and for the purpose stated in the depositions and implied even in the answer, viz : to preserve the control of the property to the parties respectively after marriage, as it was before. The bill alleges the execution of a paper appointing a trustee for the wife and vesting her property in him for that purpose. The answer denies not the execution of a paper on the eve of the marriage, but suggests that its purpose was not to appoint a trustee but to provide that the wife might, after marriage, appoint such a a trustee, if she pleased. This is not probable, nor would it be possible in this form; for, though an unmarried woman might, before marriage, divest her property by conveying it to a trustee, and even retain the power of cancelling this after marriage, she could not, by a mere agreement, conveying nothing to a trustee, retain the power, after marriage, of making such a trustee at pleasure. Nor is it possible that the parties should meet a notary at the house of the intended trustee and procure his consent and acceptance of the trust and the formal execution of a paper as a mere memorandum that the woman retained the right, after marriage, to appoint him the trustee, if she pleased. And the reason assigned in the answer for destroying the paper, viz: that Mrs. Garman thought herself competent to manage her own property without the aid of a trustee, implies that such a trustee was appointed by that paper, with such power. And this is proved in the depositions of Gibbs and Donoho, which are sufficient, with the corroborating circumstances, to establish to my satisfaction the allegation of an ante-nuptial settlement, as stated by the complainant.

But the question remains whether this is sufficient for the complainant's case ? It does not show any interest he has in the property sought to be preserved or protected by

this agreement, nor any right he has to ask for its specific performance under a decree of this Court. The alleged ante-nuptial agreement was made to preserve Mrs. Lore's right of property, by placing it under the protection of her trustee, Donoho. It was a private arrangement, designed to be private, in order to effect a purpose in which Mrs. Lore only was interested ; and the agreement never having been put on record there was no notice of it which could injuriously affect third persons. With respect to a contract, thus private in its origin, private in its object, not made known in any public form, surrendered in its very origin to the custody of the husband and by him destroyed, a debtor to the wife *dum sola* would be in no danger, either in a court of law or equity, from paying his debt to the husband on a judgment recovered by him as husband.

It is upon this ground only, as I can perceive, that the complainant comes into this Court to enjoin the collection of a debt, confessedly due from him to Mrs. Lore, by Mr. Garman, her husband, on a judgment confessed to him as her husband. And to hold that every debtor of the wife is excused from paying his debt to the husband, because there is a private ante-nuptial agreement between the husband and wife, would be to rule that all debtors are bound to take notice of a transaction between other persons of which they have, and could have, no knowledge.

Preserving to the parties to these private agreements full power to enforce them so as to secure all their objects, it is better to leave third persons to their legal responsibilities, which, in such a case, give the husband a right to sue for his wife's *chose in action* and to recover it, unless the parties interested in this private arrangement, designed to change the course of the law, shall procure the establishment of that arrangement in such mode as will bind third persons.

Being of opinion that Mr. Hill's payment of this judg-

ment would protect him against any claim by Mrs. Gar-
man's trustee, I think the equity set up by his bill has
failed; and I must, therefore, decree that the injunction
heretofore ordered be dissolved, and that the bill be dis-
missed with costs.